UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCIDES VALLADARES PERLA,<br>        Plaintiff,<br>    v.<br>DMG ASSET MANAGEMENT,<br>        Defendant. | Case No. 13-cv-02034-MEJ<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

## INTRODUCTION

On May 2, 2013, Plaintiff Alcides Valladares Perla filed the above-captioned case. Dkt. No. 1. After the Court issued a Case Management Order on October 2, 2013 (Dkt. No. 26), there had been no other docket activity. Accordingly, the Court ordered the parties to file a joint status report apprising the Court of the status of case and their compliance with the deadlines set forth in the Case Management Scheduling Order. Dkt. No. 27. As no response was received, the Court ordered Plaintiff to show cause by June 5, 2014, why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines. Dkt. No. 28. The Court provided notice to Plaintiff that it may dismiss the case if Plaintiff failed to respond by the deadline. *Id*. As of the date of this Order, Plaintiff has still not responded to either order. Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

## LEGAL STANDARD

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to

1   meet court deadline). "[T]he district court must weigh the following factors in determining
2   whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of
3   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
4   the public policy favoring disposition of cases on their merits; and (5) the availability of less
5   drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting
6   *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "These factors are 'not a series of
7   conditions precedent before the judge can do anything,' but a 'way for a district judge to think
8   about what to do.'" *In re Phenylpropanolamine (PPA) Products Liab. Litig.* ("*In re PPA*"), 460
9   F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051,
10  1057 (9th Cir. 1998)).  Dismissal is appropriate "where at least four factors support dismissal . . .
11  or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138
12  F.3d 393, 399 (9th Cir. 1998).

## DISCUSSION

14  Here, the Court finds that the *Henderson* factors support dismissal. First, "the public's
15  interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*,
16  191 F.3d 983, 990 (9th Cir. 1999). Plaintiff has delayed adjudication of the claims in this case by
17  failing to respond to the Court's orders.
18  Second, the Court's need to manage its docket also weighs in favor of dismissal. Non-
19  compliance with procedural rules and the Court's orders wastes "valuable time that [the Court]
20  could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261.
21  As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute
22  sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may .
23  . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a
24  presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v.*
25  *Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of
26  demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *see also Yourish*,
27  191 F.3d at 991. Here, Plaintiff has failed to respond to the Court's Order to Show Cause and has
28  not otherwise offered an explanation for the failure to respond to the Court's May 7 and May 22

United States District Court
Northern District of California

orders. Therefore, the Court concludes that the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor normally weighs strongly against dismissal. *See, e.g., Hernandez*, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, if the fourth *Henderson* factor weighs against dismissal here, it does so very weakly.

Finally, the Court has already attempted less drastic sanctions, without success, and therefore determines that trying them again would be inadequate or inappropriate. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already attempted the lesser sanction of issuing an Order to Show Cause and giving Plaintiff an opportunity to explain the failure to respond to its previous order. As Plaintiff failed to respond a second time, ordering Plaintiff to respond again is likely to be futile. *See, e.g., Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Further, the Order to Show Cause warned Plaintiff of the risk of dismissal; thus Plaintiff cannot maintain that the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274. Thus, the Court finds that the fifth factor also weighs in favor of dismissal.

## CONCLUSION

Based on the analysis above, the Court finds that at least four of the five *Henderson* factors weigh in favor of dismissal. Plaintiff failed to respond to either of the Court's orders. Thus, Plaintiff has failed to prosecute this case and dismissal is appropriate. However, a less drastic alternative is to dismiss without prejudice. *See Ferdik*, 963 F.2d at 1262. Dismissal will minimize

prejudice to Defendant, but dismissing the case without prejudice will preserve Plaintiff's ability to seek relief.  Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds that dismissal without prejudice is appropriate.  *Faulkner v. ADT Security Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court in order to consider whether dismissal should have been without prejudice).

Accordingly, the Court hereby DISMISSES this case WITHOUT PREJUDICE for failure to prosecute and failure to comply with the Court's deadlines and orders.

**IT IS SO ORDERED.**

Dated: June 10, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCIDES VALLADARES PERLA,<br><br>    Plaintiff,<br><br>    v.<br><br>DMG ASSET MANAGEMENT,<br><br>    Defendant. | Case No.  13-cv-02034-MEJ<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/10/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alcides Valladares Perla
1710 Quint Street
San Francisco, CA 94124

Dated: 6/10/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
Chris Nathan, Deputy Clerk to the
Honorable MARIA-ELENA JAMES

5